## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

SHALONDA CAMPBELL                                                            PLAINTIFF
ADC #710039

v.                                      4:10-cv-01969-BSM-JJV

KIMBERLY MATTHEWS, Correctional                                        DEFENDANT
Officer, Wrightsville Unit, ADC

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

Brian S. Miller.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.

If the objection is to a factual finding, specifically identify that finding and the evidence that

supports your objection.  An original and one copy of your objections must be received in

the office of the United States District Court Clerk no later than fourteen (14) days from the

date of the findings and recommendations.  The copy will be furnished to the opposing party.

Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a new hearing for this purpose before either the District

Judge or Magistrate Judge, you must, at the time you file your written objections, include the

following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is

granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Shalonda Campbell, is incarcerated at the Arkansas Department of Correction (ADC) Hawkins Center for Women, and filed this action *pro se* pursuant to 42 U.S.C. § 1983.

## I.     PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT

Plaintiff seeks relief in a civil rights action pursuant to 42 U.S.C. § 1983, and has filed an Application to Proceed Without Prepayment of Fees and Affidavit (Application) pursuant to 28 U.S.C. § 1915.  (Doc. No. 1).  Plaintiff has submitted a declaration that makes the showing required and, accordingly, the Application is GRANTED.

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  Plaintiff has been without sufficient funds for six months and is presently without sufficient funds.  Accordingly, the Court will not assess an initial partial filing fee.  Plaintiff is obligated, however, to make monthly payments of 20% of the

preceding month's income credited to Plaintiff's prison trust account each time the amount in the account exceeds $10.00, until the filing fee is paid in full. Plaintiff's present custodian, the Administrator of the Hawkins Center for Women, and any future custodians, are required to send to the Clerk of the Court these payments from Plaintiff's prison trust account until the statutory filing fee of $350 is paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of the Court is directed to send a copy of the findings and recommendations to the Administrator of the Hawkins Center for Women, Arkansas Department of Correction Trust Fund Centralized Banking Office and Arkansas Board of Correction and Community Compliance Division.

## II.    PLAINTIFF'S COMPLAINT

Plaintiff asserts claims of harassment, mistreatment, discrimination, denial of medical treatment and retaliation. She alleges, among other things, that Defendant Williams cursed her and treated her disrespectfully, messed with her property, and physically assaulted her. (Doc. Nos. 2, 3, 4). The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

Following the United States Supreme Court's opinion in *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009), to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 129 S. Ct. at 1949 (citing *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

In support of her Complaint, she has filed grievances, affidavits, and witness statements that are, without question, forged by Plaintiff. (Doc. Nos. 2, 3, 4). Her forged grievances purport to have been through the administrative process when, clearly, Plaintiff has completed the response portion which states, "THIS SECTION TO BE FILLED OUT BY STAFF ONLY." Additionally, her forged affidavits and witness statements purport to come from jail officials and staff, including the Assistant Director of the Arkansas Department of Correction, Grant Harris. (Doc. No. 3).

In light of Plaintiff's conduct in preparing and submitting the fraudulent documents, the Court finds Plaintiff fails to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Given these fraudulent documents, the Court must conclude that her claims are wholly invalid. Therefore, these claims should be dismissed.

## III.    CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1.      Plaintiff's Complaint be DISMISSED with prejudice for failure to state a claim upon which § 1983 relief may be granted, and;

2.      Dismissal of this action constitute a "strike" for purposes of 28 U.S.C. § 1915(g)[1]; and

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 29th day of December, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1]Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted ...." Dismissals pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) are "strikes" for the purpose of § 1915(g), even though they are dismissals without prejudice. *Armentrout v. Tyra*, 175 F.3d 1023 (8th Cir. Feb. 9, 1999) (unpub. table op.) (citing *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462-64 (5th Cir. 1998)).